## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION, HEALTH BENEFIT, EDUCATIONAL, ELEVATOR INDUSTRY WORK PRESERVATION FUNDS, ELEVATOR CONSTRUCTORS ANNUITY AND 401(K) RETIREMENT PLAN 19 Campus Boulevard, Suite 200 Newtown Square, PA 19073-3228, : : : : : : : : : : | |
| Plaintiffs, : : | |
| v. : : | CIVIL ACTION NO. |
| UNITED ELEVATOR CO., LLC 2828 10th Street NE, Ste.6 Washington, DC 20017 and JASON FRALEY 8339 Cappel Dr. Pasadena, MD 21122 and NICHOLAS IRVING 7308 Plantation Forest Dr. Spotsylvania, VA 22553, : : : : : : : : : : : : : : | |
| Defendants. : | |

## **COMPLAINT**

### **Jurisdiction**

1. This Court has jurisdiction of this action under Sections 404, 409, 502 and 515 of the Employee Retirement Income Security Act of 1974 (as amended) ("ERISA"), 29 U.S.C. §§1104, 1109, 1132 and 1145, and under Section 301(a) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. §185(a). This is an action to enforce an employer's contractual obligation to submit benefit payments pursuant to a Collective Bargaining Agreement, a breach of fiduciary duty, to collect the outstanding contributions from the owners individually, to collect monthly

contributions due, to have the company report and remit employee elective deferrals, and to enjoin the violations of the terms of the employee benefit plans.

## Parties

2.      The Plaintiffs are the Boards of Trustees of the National Elevator Industry Pension, Health Benefit, Educational, Elevator Industry Work Preservation Funds, Elevator Constructors Annuity and 401(k) Retirement Plan Funds ("NEI Trust Funds").  The NEI Trust Funds are multi-employer employee benefit plans as that term is defined in Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §1002(3) and (37).  The NEI Trust Funds are established and maintained according to the provisions of Agreements and Declarations of Trust and are provided for in the Collective Bargaining Agreement between the International Union of Elevator Constructors and the Defendants.  The NEI Trust Funds are administered by the Trustees of the National Elevator Industry Pension, Health Benefit, Educational, Elevator Industry Work Preservation, Elevator Constructors Annuity and 401(k) Retirement Plan Funds, 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.

3.      Upon information and belief, Defendant, United Elevator Co., LLC ("United Elevator"), is a corporation existing under the laws of the District of Columbia with offices located at 2828 10th St., NE, Ste 6, Washington, DC 20017.  Defendant transacts business in Washington, D.C. as a contractor or subcontractor in the elevator industry and at all relevant times herein was an "employer in an industry affecting commerce" as defined in 29 U.S.C. §§142(1), (3) and 152(2).

4.      Upon information and belief, Defendant, Jason Fraley ("Fraley"), is an officer and

owner of United Elevator Co., LLC and resides at 8339 Cappel Dr., Pasadena, MD 21122. Upon information and belief, Jason Fraley exercises control and discretion over the payroll of United Elevator Co., LLC including any and all decisions regarding the collection and disbursement of any payroll deductions authorized by the employees of United Elevator Co., LLC. As such, Jason Fraley is a fiduciary to the NEI Trust Funds, as defined in ERISA §3(21)(A), 29 U.S.C.A. §1002(21)(A).

5.  Upon information and belief, Defendant, Nicholas Irving ("Irving"), is an officer and owner of United Elevator Co., LLC and resides at 7308 Plantation Forest Dr., Spotsylvania, VA 22553. Upon information and belief, Irving exercises control and discretion over the payroll of United Elevator Co., LLC including any and all decisions regarding the collection and disbursement of any payroll deductions authorized by the employees of United Elevator Co., LLC. As such, Irving is a fiduciary to the NEI Trust Funds, as defined in ERISA §3(21)(A), 29 U.S.C.A. §1002(21)(A).

## COUNT I

6.  United Elevator Co., LLC executed a Collective Bargaining Agreement with the International Union of Elevator Constructors on August 1, 2014 establishing the terms and conditions of employment for the elevator constructors, mechanics and helpers employed by United Elevator Co., LLC.

7.  Pursuant to its Collective Bargaining Agreement, United Elevator Co., LLC agreed to pay to the NEI Funds certain sums of money for each hour worked by all employees of Defendant covered by the Collective Bargaining Agreement.

8.    The NEI Funds Trust Documents provide the reporting requirements for signatory employers. Article VI, Paragraph 4 of the Restated Agreement and Declaration of Trust of the National Elevator Industry Pension, Health Benefit and Educational Funds provides as follows:

> All contributions shall be made effective as of the 15th day of each month for the preceding month and shall continue to be paid as long as the Employer is so obligated pursuant to the Standard Agreement or other collective bargaining agreement or participation agreement or until he ceases to be an Employer within the meaning of this Agreement and Declaration of Trust as herein provided.

9.    Upon information and belief, United Elevator Co., LLC employed certain employees covered by the Collective Bargaining Agreement during the months of August 2014 through and including the present.

10.    United Elevator Co., LLC is bound to the Restated Agreements and Declarations of Trust establishing the NEI Trust Funds (hereafter "Trust Agreements") and the Guidelines for Employers and IUEC Local Unions Participating in the National Elevator Industry Health Benefit Plan, Pension Plan, Educational Program, Elevator Constructors Annuity and 401(k) Retirement Plan and Elevator Industry Work Preservation Fund (hereafter "Guidelines"). The Trust documents provide that all employers who become party to the Collective Bargaining Agreement and Declaration of Trust agree to be bound by the decisions of the Trustees on delinquencies.

11.    The Agreements and Declarations of Trust establishing the NEI Trust Funds provide that when an Employer fails to pay the amounts required by the Collective Bargaining Agreement on time:

> The Trustees may take all actions necessary to collect any amounts due the Trust Fund. If the Trustees filed suit to collect any amounts due the Trust Fund, the Trustees shall also seek liquidated damages

in the amount of twenty percent (20%) of the contributions due at the time the lawsuit is filed. In addition to the liquidated damages authorized under the Employee Retirement Income Security Act (ERISA), the Trustees shall also seek all interest, costs and attorney's fees associated with collection of the delinquent contributions. The Employer agrees that the Trustees may seek any additional contributions, interest, liquidated damages, costs and attorney's fees that come due the Trust Fund between the date the lawsuit is filed, and the date the Judgment is entered by the Court.

12. United Elevator Co., LLC has reported but failed to make the $40,022.40 in contributions due to the NEI Trust Funds for the months of February through and including May 2016, which were due to be paid by the 15th of the month following the month for which the contributions are due.

13. United Elevator Co., LLC's contributions on behalf of its elevator constructors for the period February through and including May 2016 are late.

14. United Elevator has failed to report and remit the employee elective deferrals to the Elevator Constructors Annuity and 401(k) Retirement Plan for the following weeks: 1/21-1/27/16, 2/11-4/6/16, 5/26-6/15/16. United Elevator is also responsible for lost earnings, interest and liquidated damages on these unreported and unremitted deferrals.

15. The Agreements and Declarations of Trust establishing the NEI Funds provide that an Employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay interest at the rate currently charged by the Internal Revenue Service from five days after the date of delinquency to the date of payment and liquidated damages of 20%, as well as all necessary costs of collection incurred by the Funds, including, but not limited, to reasonable attorney's fees, audit fees and court costs. United Elevator Co., LLC is bound to the

Agreements and Declarations of Trust.

16. Pursuant to this provision, United Elevator Co., LLC is obligated to the NEI Trust Funds in the amount of $8,004.48 in liquidated damages assessed on the delinquent contributions for the months of February through and including May 2016, interest pursuant to 29 U.S.C. Section 1132(g) from the date of delinquency through the date of payment, and attorney's fees and costs. United Elevator will also owe interest, earnings and liquidated damages on the unreported and unremitted elective deferrals.

WHEREFORE, in Count I, the NEI Trust Funds pray judgment as follows:

A. For $40,022.40 for reported and unpaid contributions for the months of February through and including May 2016, plus interest; and

B. For liquidated damages in the amount of $8,004.48; and

C. For attorney's fees and costs expended in bringing this lawsuit; and

D. For all subsequent interest due on all late filed contributions submitted by the Defendants to the Plaintiffs; and

E. For all contributions and liquidated damages which become due or owing subsequent to the filing of this action, or which have yet to be reported, through the date of judgment, plus costs, interest and reasonable attorneys' fees, pursuant to 29 U.S.C. §1132(g) (2) (C) (ii) of the Trust Agreements and Guidelines; and

F. For an order compelling the Defendants to report and remit all employee elective deferrals for the missing periods of 1/21-1/27/16, 2/11-4/6/16, 5/26-6/15/16 and to pay any additional interest, earnings and liquidated damages, and for any other

additional weeks for which no report forms and deferrals have been submitted through the date of Judgment, plus the corresponding interest, earnings and liquidated damages; and

G.      For such further relief as the Court may deem appropriate.

## COUNT II

17.      The NEI Trust Funds hereby adopt, incorporate and restate in Count II paragraphs 1 through 16 of Count I.

18.      This Court has jurisdiction of this action under sections 502 and 515 of ERISA of 1974, 29 U.S.C. Sections 1132 and 1145. This is an action to enjoin violations of the terms of an employee benefit plan.

19.      United Elevator Co., LLC, pursuant to the Trust Agreements, agreed to make timely contributions, including the reporting and remittance of elective deferrals, to the NEI Trust Funds in the amounts and on the dates required by its Collective Bargaining Agreement with the International Union of Elevator Constructors in order to maintain the benefits provided through the Funds.

20.      United Elevator Co., LLC has repeatedly failed to submit timely reports or contributions, and remittance reports and deferrals, to the Funds in violation of the requirements of the aforementioned Agreements and Declarations of Trust.

WHEREFORE, in Count II, the NEI Trust Funds pray judgment as follows:

A.      For a Court Order enjoining violations of the terms of the Plaintiff employee benefit plans requiring United Elevator Co., LLC to submit timely contributions and reports, and

remittance reports and employee elective deferrals to the NEI Trust Funds.

B. For such further relief as the Court may deem appropriate.

## **COUNT III**

21. The NEI Trust Funds hereby adopt, incorporate and restate in Count III paragraphs 1 through 20 of Counts I and II.

22. This Court has jurisdiction of this action under sections 404, 409, 502 and 515 of ERISA of 1974, 29 U.S.C. Sections 1104, 1109, 1132 and 1145. This is an action to collect delinquent contributions from a fiduciary of the employees, Jason Fraley.

23. Upon information and belief, the Defendant, Jason Fraley, determined the total amount of the employer's (United Elevator Co., LLC, his own company) monthly contributions and retained a portion or all of the employer's payment that should have been sent to the Plaintiffs' Funds on behalf of his employees. Defendant chose to use the monies due the Plaintiffs' Funds for other purposes. Thus, Defendant Jason Fraley exercised authority and control over benefit plan assets and is thus a fiduciary as defined by ERISA. 29 U.S.C. § 1002(21).

24. Paragraph 3 of the Collective Bargaining Agreement to which United Elevator is bound provides as follows:

> In addition, the Employer agrees to continue to deduct from the wages of all Elevator Constructor Mechanics, Helpers, Apprentices and Assistant Mechanics in his employ the sum of three and one - half cents ($.035) per hour for each hour worked. Payment of said contributions by Employers and Elevator Constructor Mechanics, Helpers, Apprentices and Assistant Mechanics shall be in accordance with the National Elevator Industry Health Benefit Plan and Declaration of Trust.

25. For the months February through and including May 2016 for which United

Elevators has not submitted the contributions due, United Elevators failed to forward the employee portion of the health contributions when due. These amounts have not been paid.

26. Upon information and belief, as owner and officer of United Elevator Co., LLC, Defendant, Jason Fraley, voluntarily entered the collective bargaining agreement with the International Union of Elevator Constructors. As such, Defendant Jason Fraley obligated United Elevator Co., LLC to make deductions from employee paychecks to cover certain payments to the Plaintiffs' Funds and forward the monies to the Plaintiffs' Funds, along with the employer portion of the monies due under the contract and the trust agreements calculated on a per hour basis. Defendant Jason Fraley failed to have United Elevator Co., LLC forward those funds to the Plaintiffs for the months of February through and including May 2016.

27. United Elevator Co., LLC signed the collective bargaining agreement with the International Union of Elevator Constructors on August 1, 2014. (See attached). Paragraph 7 of this collective bargaining agreement provides the following: "Title to all monies paid into and/or due and owing to the National Elevator Industry Health Benefit Fund, Pension Fund, Education Fund, National Elevator Industry 401(k) Annuity Retirement Fund and the Elevator Industry Work Preservation Fund, as specified above, shall vest in and remain exclusively in the Trustees of said Funds, respectively."

28. Defendant Jason Fraley deducted the amounts owed in contributions from the employee paychecks and forwarded monthly remittance forms calculating the employer's portion of the monies due to the Plaintiffs Funds, yet failed to remit those amounts to the Plaintiffs' Funds. Upon information and belief, those amounts were deposited into United Elevator Co., LLC's

general accounts and used for purposes other than payment of the employees' benefit contributions.

29. Upon information and belief, as owner and officer of United Elevator Co., LLC, Defendant Jason Fraley, voluntarily entered the collective bargaining agreement with the International Union of Elevator Constructors. As such, Defendant Jason Fraley obligated United Elevator Co., LLC to make deductions from employee paychecks for employee elective deferrals to the Elevator Constructors Annuity and 401(k) Retirement Plan and to forward the monies to the Plaintiffs' Funds. Defendant Jason Fraley failed to report and have United Elevator Co., LLC forward the employee elective deferrals to the Plaintiffs for the weeks of 1/21-1/27/16, 2/11-4/6/16, 5/26-6/15/16.

30. Defendant Jason Fraley knew that United Elevator Co., LLC entered into the collective bargaining agreement and that contributions and elective deferrals were deducted from the employees' paychecks and that an employer portion of contributions had to be made to the Plaintiffs. Defendant Jason Fraley knew that United Elevator Co., LLC periodically turned these amounts over to the Plaintiffs' Funds.

31. The contributions due the Plaintiffs' Funds were plan assets governed by ERISA. 29 C.F.R. §2510.3-102(a).

32. Defendant, Jason Fraley, is a fiduciary to the Plaintiffs' Funds based on the fact that he commingled plan assets with United Elevator Co., LLC's general assets and used those funds to pay other creditors. Defendant exercised authority or control respecting disposition of plan assets. Thus, Defendant Jason Fraley is a fiduciary under ERISA §3(21)(A) by the fact that he "exercised authority or control respecting disposition of plan assets." 29 U.S.C.A. §1002(21)(A).

33. Upon information and belief, Jason Fraley is a fiduciary and personally liable for the unpaid amounts due.

34. Defendant failed to remit contributions to the Plaintiffs on behalf of his employees.

WHEREFORE, in Count III, the NEI Trust Funds pray judgment as follows:

Defendant, Jason Fraley, is jointly and severally liable for the following:

A. For $40,022.40 for reported and unpaid contributions for the months of February through and including May 2016, plus interest; and

B. For liquidated damages in the amount of $8,004.48; and

C. For attorney's fees and costs expended in bringing this lawsuit; and

D. For all subsequent interest due on all late filed contributions submitted by the Defendants to the Plaintiffs; and

E. For all contributions and liquidated damages which become due or owing subsequent to the filing of this action, or which have yet to be reported, through the date of judgment, plus costs, interest and reasonable attorneys' fees, pursuant to 29 U.S.C. §1132(g) (2) (C) (ii) of the Trust Agreements and Guidelines; and

F. For an order compelling the Defendants to report and remit all employee elective deferrals for the missing periods of 1/21-1/27/16, 2/11-4/6/16, 5/26-6/15/16 and to pay any additional interest, earnings and liquidated damages on the unremitted amounts, and for any other additional weeks for which no report forms and deferrals have been submitted through the date of Judgment, plus the corresponding interest, earnings and liquidated damages; and

G. For such further relief as the Court may deem appropriate.

## COUNT IV

35. The NEI Trust Funds hereby adopt, incorporate and restate in Count IV paragraphs 1 through 34 of Counts I, II and III.

36. This Court has jurisdiction of this action under sections 404, 409, 502 and 515 of ERISA of 1974, 29 U.S.C. Sections 1104, 1109, 1132 and 1145. This is an action to collect delinquent contributions from a fiduciary of the employees, Nicholas Irving.

37. Upon information and belief, the Defendant, Nicholas Irving, determined the total amount of the employer's (United Elevator Co., LLC, his own company) monthly contributions and retained a portion or all of the employer's payment that should have been sent to the Plaintiffs' Funds on behalf of his employees. Defendant chose to use the monies due the Plaintiffs' Funds for other purposes. Thus, Defendant Nicholas Irving exercised authority and control over benefit plan assets and is thus a fiduciary as defined by ERISA. 29 U.S.C. § 1002(21).

38. Paragraph 3 of the Collective Bargaining Agreement to which United Elevator is bound provides as follows:

> In addition, the Employer agrees to continue to deduct from the wages of all Elevator Constructor Mechanics, Helpers, Apprentices and Assistant Mechanics in his employ the sum of three and one - half cents ($.035) per hour for each hour worked. Payment of said contributions by Employers and Elevator Constructor Mechanics, Helpers, Apprentices and Assistant Mechanics shall be in accordance with the National Elevator Industry Health Benefit Plan and Declaration of Trust.

39. For the months February through and including May 2016 for which United Elevators has not submitted the contributions due, United Elevators failed to forward the

employee portion of the health contributions when due. These amounts have not been paid.

40. Upon information and belief, as owner and officer of United Elevator Co., LLC, Defendant, Nicholas Irving, voluntarily entered the collective bargaining agreement with the International Union of Elevator Constructors. As such, Defendant Nicholas Irving obligated United Elevator Co., LLC to make deductions from employee paychecks to cover certain payments to the Plaintiffs' Funds and forward the monies to the Plaintiffs' Funds, along with the employer portion of the monies due under the contract and the trust agreements calculated on a per hour basis. Defendant Nicholas Irving failed to have United Elevator Co., LLC forward those funds to the Plaintiffs for the months of February through and including May 2016.

41. United Elevator Co., LLC signed the collective bargaining agreement with the International Union of Elevator Constructors on August 1, 2014. (See attached). Paragraph 7 of this collective bargaining agreement provides the following: "Title to all monies paid into and/or due and owing to the National Elevator Industry Health Benefit Fund, Pension Fund, Education Fund, National Elevator Industry 401(k) Annuity Retirement Fund and the Elevator Industry Work Preservation Fund, as specified above, shall vest in and remain exclusively in the Trustees of said Funds, respectively."

42. Defendant Nicholas Irving deducted the amounts owed in contributions from the employee paychecks and forwarded monthly remittance forms calculating the employer's portion of the monies due to the Plaintiffs Funds, yet failed to remit those amounts to the Plaintiffs' Funds. Upon information and belief, those amounts were deposited into United Elevator Co., LLC's general accounts and used for purposes other than payment of the employees' benefit contributions.

43. Upon information and belief, as owner and officer of United Elevator Co., LLC, Defendant Nicholas Irving, voluntarily entered the collective bargaining agreement with the International Union of Elevator Constructors. As such, Defendant Nicholas Irving obligated United Elevator Co., LLC to make deductions from employee paychecks for employee elective deferrals to the Elevator Constructors Annuity and 401(k) Retirement Plan and to forward the monies to the Plaintiffs' Funds. Defendant Nicholas Irving failed to report and have United Elevator Co., LLC forward the employee elective deferrals to the Plaintiffs for the weeks of 1/21-1/27/16, 2/11-4/6/16, 5/26-6/15/16.

44. Defendant Nicholas Irving knew that United Elevator Co., LLC entered into the collective bargaining agreement and that contributions and elective deferrals were deducted from the employees' paychecks and that an employer portion of contributions had to be made to the Plaintiffs. Defendant Nicholas Irving knew that United Elevator Co., LLC periodically turned these amounts over to the Plaintiffs' Funds.

45. The contributions due the Plaintiffs' Funds were plan assets governed by ERISA. 29 C.F.R. §2510.3-102(a).

46. Defendant, Nicholas Irving, is a fiduciary to the Plaintiffs' Funds based on the fact that he commingled plan assets with United Elevator Co., LLC's general assets and used those funds to pay other creditors. Defendant exercised authority or control respecting disposition of plan assets. Thus, Defendant Nicholas Irving is a fiduciary under ERISA §3(21)(A) by the fact that he "exercised authority or control respecting disposition of plan assets." 29 U.S.C.A. §1002(21)(A).

47. Upon information and belief, Nicholas Irving is a fiduciary and personally liable for

the unpaid amounts due.

48. Defendant failed to remit contributions and employee elective deferrals to the Plaintiffs on behalf of his employees.

WHEREFORE, in Count IV, the NEI Trust Funds pray judgment as follows:

Defendant, Nicholas Irving, is jointly and severally liable for the following:

A. For $40,022.40 for reported and unpaid contributions for the months of February through and including May 2016, plus interest; and

B. For liquidated damages in the amount of $8,004.48; and

C. For attorney's fees and costs expended in bringing this lawsuit; and

D. For all subsequent interest due on all late filed contributions submitted by the Defendants to the Plaintiffs; and

E. For all contributions and liquidated damages which become due or owing subsequent to the filing of this action, or which have yet to be reported, through the date of judgment, plus costs, interest and reasonable attorneys' fees, pursuant to 29 U.S.C. §1132(g) (2) (C) (ii) of the Trust Agreements and Guidelines; and

F. For an order compelling the Defendants to report and remit all employee elective deferrals for the missing periods of 1/21-1/27/16, 2/11-4/6/16, 5/26-6/15/16 and to pay any additional interest, earnings and liquidated damages on the unremitted amounts, and for any other additional weeks for which no report forms and deferrals have been submitted through the date of Judgment, plus the corresponding interest, earnings and liquidated damages; and

      G.      For such further relief as the Court may deem appropriate.

DATE: <u>July 13, 2016</u>

Respectfully submitted,
**O'DONOGHUE & O'DONOGHUE LLP**
Constitution Place, Suite 515
325 Chestnut Street
Philadelphia, PA  19106
Telephone (215) 629-4970
Facsimile (215) 629-4996

By:    <u>s/ Robert P. Curley</u>
        Robert P. Curley
        Attorney I.D. No. 55760

By:    <u>s/ David D. Capuano</u>
        David D. Capuano
        Attorney I.D. No. 70238
        Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132(h) this 13th day of July 2016 on the following:

>Secretary of the Treasury
>15th. and Pennsylvania Ave., N.W.
>Washington, DC  20220
>ATTN: Employee Plans
>    Internal Revenue Service
>
>Secretary of Labor
>200 Constitution Avenue, N.W.
>Washington, DC  20210
>ATTN: Assistant Solicitor
>    for Plan Benefits Security

>    s/ David D. Capuano
>    David D. Capuano